UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCO THONY CADEJUSTE,

Plaintiff,

v. CASE NO. 8:26-cv-2444-JLB-LSG

COLONEL COPELAND, *et al.*,

Defendants.
_______________________________/

**ORDER DISMISSING CASE AND DENYING TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Mr. Cadejuste, a Florida prisoner incarcerated at Florida State Prison ("FSP"), initiated this action *pro se* by filing a civil rights complaint (Doc. 1), a motion to proceed *in forma pauperis* (Doc. 2), a motion for copies (Doc. 3), and a motion for a temporary restraining order and preliminary injunction (Doc. 4) in the Jacksonville Division of this Court. The action was transferred to the Tampa Division. (Doc. 5).

Mr. Cadejuste moves to proceed in this action as a pauper under 28 U.S.C. § 1915. Section 1915(g) provides:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Cadejuste may not proceed as a pauper because he has had at least three prior dismissals that qualify under Section 1915(g)[1] and because he alleges no facts showing he is under imminent danger of serious physical injury.[2] Mr. Cadejuste may initiate a new civil rights action by filing a civil rights complaint and paying the filing fee in full.

Accordingly, it is **ORDERED** that:

1. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to Mr. Cadejuste filing a new complaint, in a new case with a new case number, upon the

---

[1] *See Cadejuste v. Culpepper*, 2026 WL 2011130, at *1 (N.D. Fla. July 10, 2026) (recognizing that Mr. Cadejuste "is a 'three-striker'"); *Cadejuste v. Dean, et al.*, 2026 WL 2001195, at *1 (N.D. Fla. May 14, 2026), *report and recommendation adopted sub nom. Cadejuste v. Dean*, 2026 WL 1529248 (N.D. Fla. June 1, 2026) (listing Mr. Cadejuste's cases that count as strikes under section 1915(g)).

[2] Mr. Cadejuste alleges that he was under imminent danger at Zephyrhills Correctional Institution ("ZCI") because he was denied protective management status. (Doc. 1 at 5). But Mr. Cadejuste is no longer incarcerated at ZCI. Rather, he is currently incarcerated at Florida State Prison ("FSP") and was incarcerated there when he filed the instant complaint. (*Id.* at 2). Although Mr. Cadejuste contends that he remains "in constant danger" at FSP (*see* Doc. 4 at 1), the claims in his complaint concern only defendants and incidents at ZCI. (*See* Doc. 1). Thus, Mr. Cadejuste is not entitled to proceed as a pauper under the "imminent danger" exception to section 1915(g) because he fails to demonstrate a nexus between the imminent danger he faces at FSP and the claims asserted in his complaint. *See, e.g., Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) ("We agree with the district court that § 1915(g) allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges."); *Brown v. Lynch*, 2025 WL 807357, at *3 (M.D. Ga. Feb. 3, 2025) (acknowledging that many district courts have adopted the nexus requirement, and the Eleventh Circuit "has suggested it will follow these courts.") (citing *Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020)), *report and recommendation adopted*, 2025 WL 572770 (M.D. Ga. Feb. 21, 2025).

payment of the filing fee.

2. The motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

3. The motion for copies (Doc. 3) is **GRANTED** to the extent that Mr. Cadejuste may identify the documents he wants copied and contact the Clerk of the Court; the Clerk will inform him how much it will cost to obtain those copies; and he may pay the Clerk for the copies he requests.

4. The motion for a temporary restraining order and preliminary injunction (Doc. 4) is **DENIED** without prejudice to Mr. Cadejuste's right to reassert the motion in an action involving the parties he seeks to restrain or enjoin (*i.e.*, the FSP parties).[3]

5. The Clerk is **DIRECTED** to close the case.

**DONE and ORDERED in Tampa, Florida, on August 27, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

[3] *See* Federal Rule of Civil Procedure 65(d) ("Every order granting an injunction and every restraining order . . . binds only . . . the parties . . . the parties' officers, agents, servants, employees, and attorneys . . . and . . . other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).").